IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIANNE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-644 |
| | ) |
| J.C. PENNY COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

OPINION
and
ORDER OF COURT

Pending before the Court is a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant J.C. Penney Company, Inc. ("Defendant"). (Docket No. 3). Plaintiff filed a response and brief in opposition thereto. (Docket Nos. 7-8). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion to Dismiss is denied.

I. BACKGROUND

Plaintiff, Marianne Lewis ("Plaintiff"), filed her Complaint against Defendant in

the Court of Common Pleas of Allegheny County on or about April 26, 2007. On May 15, 2007, Defendant removed the case to this court based on diversity of citizenship. (Docket No. 1). Plaintiff's Complaint sets forth one count for negligence against Defendant arising from a slip and fall incident in which Plaintiff allegedly tripped on a discarded paper flyer and fell in a store owned and managed by Defendant. Defendant filed a Notion to Dismiss for failure to state a claim against it and Brief in Support. (Docket Nos. 3, 4). Plaintiff has filed a Response and Brief in Opposition. (Docket Nos. 7, 8). The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666. "The issue is not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Lake v. Arnold, 112

F.3d 682, 688 (3d Cir. 1997).

Although a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of her claim or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); Conley, 355 U.S. at 45-46. With this standard in mind, I turn now to the issues of this case.

B. MOTION TO DISMISS

Defendant argues that Plaintiff's Complaint should be dismissed because she has failed to plead the element of notice as required for a negligence claim sounding in premises liability involving a transitory condition. I disagree.

Courts applying Pennsylvania law follow Restatement (Second) Torts § 343 in determining whether a store owner has breached a duty of care to its patrons. See Porro v. Century III Assocs., 846 A.2d 1282, 1285 (Pa. Super. Ct. 2004); Myers v. Penn Traffic Co., 606 A.2d 926, 928 (Pa. Super. Ct. 1992).[1] Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees,

---

[1] This case is before me pursuant to diversity of citizenship. 28 U.S.C. § 1332. The parties have relied principally on Pennsylvania law in their pleadings, motion, and briefs. Consequently, I will apply the laws of the Commonwealth of Pennsylvania.

3

>> and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) Torts § 343; see also Myers, 606 A.2d at 928. In cases involving transitory conditions, the store must have notice of the harmful condition at issue. Myers, 606 A.2d at 929. In assessing whether the notice element is met, courts must apply the following principles:

> [I]f the harmful transitory condition is traceable to the possessor or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. Where, however, the evidence indicates that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

Id. (citing Moultrey v. Great A & P Tea Co., 422 A.2d 593, 596 (Pa. Super. Ct. 1980)).

Defendant argues that Plaintiff has failed to plead "notice" because her Complaint does not allege where the paper flyer originated, who or what caused the flyer to be on the floor, how long the flyer was on the floor, or that Defendant had notice of the same. See Def.'s Mot. ¶ 12; Def.'s Br. at 5-6. I disagree.    With

4

regard to the pleading stage of litigation, the Court of Appeals for the Third Circuit has recognized that "[u]nder the notice pleading standard of Fed. R. Civ. P. 8(a), a complaint requires only a short and plain statement showing a right to relief, not a detailed recitation of the proof that will in the end establish such a right." <u>Gavura v. Pa. State House of Representatives</u>, 55 F. App'x 60, 63 (3d Cir. 2002); <u>see also</u> <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993). Here, Plaintiff's Complaint plainly states that Defendant was negligent because, <u>inter alia</u>, Defendant "<u>caused</u> or permitted discarded paper flyers to remain on the floor," "failed to make a reasonable inspection of the floors which would have revealed the existence of the dangerous condition posed by the discarded paper flyers," and/or "allowed the floors to remain in a dangerous and unsafe condition <u>after notice or opportunity for notice</u>." Complaint ¶ 13 (emphasis added); <u>see also</u> Pl.'s Resp. ¶¶ 13-14. Viewing the Complaint in the light most favorable to Plaintiff, I find that these allegations, along with the other allegations contained therein, are more than sufficient to state a claim for negligence against Defendant for which she could be entitled to relief.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff has done all that is required at the pleading stage, and Defendant's Motion to Dismiss Plaintiff's Complaint is denied. An appropriate Order follows.

<u>* * * * * * * * * * * * * * * * *</u>

## ORDER OF COURT

And now, this **22nd** day of June, 2007, after careful consideration and for the

reasons set forth in the Opinion accompanying this Order, it is ordered that the Motion to Dismiss (Docket No. 3) is DENIED.

Defendant is ordered to respond to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge